UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

BETH SAMPLE,

    Plaintiff,

v.                                            CASE NO. 2:09-CV-89-FtM-36SPC

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This matter is before the Court upon consideration of the Report and Recommendation of Magistrate Judge Sheri Chappell filed on December 8, 2009 (Dkt. 23), recommending that the Commissioner of Social Security's decision to deny social security disability benefits be affirmed. Plaintiff filed her objections on December 16, 2009 (Dkt. 25). Defendant filed a response to Plaintiff's objections on December 29, 2009 (Dkt. 26). The Report and Recommendation is now ripe for review.

### I.  Standard of Review

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon the proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence that a reasonable person would accept it as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Crawford*, 363 F.3d at 1158. The Court must affirm the Commissioner's findings if the decision reached is

supported by substantial evidence. *Crawford*, 363 F.3d at 1158-59. The Court does not decide "facts anew, make credibility judgments, re-weigh the evidence," or substitute its judgment for that of the Commissioner. *Moreno v. Astrue*, No. 09-13221, 2010 WL 476697, at *3 (11th Cir. Feb. 12, 2010); *see Moore*, 405 F.3d at 1211; *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. *Dyer*, 395 F.3d at 1210; *Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## II. <u>Analysis</u>

The Report and Recommendation rejected Plaintiff's claims of error allegedly made by the Administrative Law Judge (ALJ). Plaintiff's objections to the Report and Recommendation discuss two issues that she contends are legal errors on the part of the Magistrate Judge. Defendant responds to Plaintiff's objections and supports the adoption of the Report and Recommendation.

> A. **The examining physician was improperly characterized as a treating physician, but such a characterization is a harmless error.**

In the Report and Recommendation, the Magistrate Judge found that "the consultative psychologist [Dr. White] who actually saw Plaintiff before making his opinion was a treating physician and should have been accorded more weight than the State Agency Physicians" (Dkt. 23, p. 14). Plaintiff objects to this statement because "[a]t no time did Plaintiff argue that Dr. White was a treating physician. Plaintiff argued that Dr. White was an examining physician . . . and, as such, his opinion is to be given more weight than that of a non-examining file-reviewing physician" (Dkt. 25, p. 2-3).

Plaintiff is correct in noting that Dr. White was an examining and not a treating physician. However, this error is harmless because it does not affect the end result. *See Perry v. Astrue*, 280

Fed. Appx. 887, 893 (11th Cir. 2008)(applying the harmless error doctrine to an ALJ's determination in a social security case); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)(same); *Jordan v. Astrue*, 617 F. Supp. 2d 1154, 1164 (M.D. Fla. 2008)(same). Plaintiff's argument remains the same – she believes Dr. White's opinion should have been given more weight than that of the file-reviewing, non-examining physicians. The Report and Recommendation found that "the ALJ properly discounted [Dr. White's] opinion by noting that the medical records did not support Dr. White's diagnosis" (Dkt. 23, p. 14). The ALJ may discount a physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence, supports a contrary finding, or is wholly conclusory. *See Schnorr v. Bowen*, 816 F.3d 578, 582 (11th Cir. 1987)("The Secretary properly discounted [a treating physician's opinion] that [the claimant] was totally disabled because it was not supported by objective medical evidence and was merely conclusory); *Wheeler v. Heckler*, 784, F.2d 1072, 1075 (11th Cir. 1986)("The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.")(citation omitted).

  B. **The ALJ accounted for the postural limitations in his hypothetical to the Vocational Expert.**

The Report and Recommendation stated that "[t]he ALJ's determination [that] the Plaintiff could work a full range of light work was . . . [a] harmless error because he included the limitations in his hypothetical to the [Vocational Expert] and used the VE's opinion as grounds for his decision" (Dkt. 23, p. 13). Plaintiff objects to this conclusion because the ALJ did "not resolve[] the conflict between the state agency doctors who limited Claimant with postural limitations, and his own findings that Claimant could perform the full range of light work" (Dkt. 25, p. 5).

The Court finds that the Report and Recommendation is correct. The ALJ based his determination that Plaintiff could perform a full range of light work on the response from the VE when he posed a hypothetical question. The ALJ applied the appropriate legal standards and postural limitations in his hypothetical question, which took into account the statements of the state agency doctors. *Moreno v. Astrue*, No. 09-13221, 2010 WL 476697, at *5 (11th Cir. Feb. 12, 2010)(citing *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001)).

Upon consideration of the Report and Recommendation and Plaintiff's objections thereto, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation (Dkt. 23) should be adopted, with the correction noted above.

**ACCORDINGLY**, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Dkt. 23) is **ADOPTED** and incorporated by reference in this Order of the Court**.**

2. The decision of the Commissioner of the United States Social Security Administration is AFFIRMED.

3. The Clerk is directed to enter judgment in favor of Defendant, terminate all pending motions and close this case.

**DONE AND ORDERED** at Ft. Myers, Florida, on April 29, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD